1  David P. Myers (SBN 206137)
   Ann Hendrix (SBN 258285)
2  John M. Tomberlin, Jr. (SBN 310345)
   THE MYERS LAW GROUP, A.P.C.
3  9327 Fairway View Place, Ste. 100
   Rancho Cucamonga, CA 91730
4  Telephone: (909) 919-2027
   Facsimile: (888) 375-2102
5
6  Attorneys for Gerard Torres

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              COUNTY OF SAN BERNARDINO

9

10 GERARD TORRES, an individual,        | Case No.    CIVDS1800670
11              Plaintiff,              | COMPLAINT FOR DAMAGES  By Fax
12 vs.                                  | 1.  Disability Discrimination
                                        | 2.  Failure to Engage in the Interactive
13                                      |     Process
14 ASCA, INC., a New Hampshire Corporation; | 3.  Failure to Accommodate
   ASCA DESIGN, INC., a Pennsylvania    | 4.  Retaliation
15 Corporation; AMERICAN MADE           | 5.  Failure to Prevent Discrimination
   SYSTEMS, INC., a Pennsylvania        |     and Retaliation
16 Corporation; AMERICAN MADE LINER     | 6.  Unlawful Discrimination and
17 SYSTEMS, an unknown entity; and DOES 1 |     Retaliation in Violation of Labor
   THROUGH 10, inclusive                |     Code 6310
18                                      | 7.  Unlawful Discrimination and
                Defendants.             |     Retaliation in Violation of Labor
19                                      |     Code 1102.5
20                                      | 8.  Wrongful Termination in Violation
                                        |     of Public Policy
21                                      | 9.  Violation of Employment without
22                                      |     Discrimination as Civil Right - Govt.
                                        |     Code §12921(a); Request for
23                                      |     Declaratory Judgment - Code of
                                        |     Civil Procedure §1060
24
25                                      | DEMAND FOR JURY TRIAL
26
27 ///
28

                        COMPLAINT
                            1

## I. INTRODUCTION

1.    This action is brought by GERARD TORRES ("Plaintiff") against ASCA, INC., a California Corporation; and other as of yet unnamed Defendants (hereinafter collectively "Defendants") alleging, among other things, violations of the Fair Employment and Housing Act. Plaintiff seeks among other things, damages, penalties, wages, attorneys' fees, and costs.

## II.    GENERAL ALLEGATIONS

2.    This Court is the proper court and this action is properly filed in the County of San Bernardino and in this judicial district because Defendants do business in the County of San Bernardino and because Defendants' obligations and liability arise therein.

3.    Plaintiff is a former employee of Defendants and a resident of the County of San Bernardino, State of California.

4.    Plaintiff is informed and believes, and thereon alleges that Defendant ASCA, INC is a New Hampshire corporation doing business in the County of San Bernardino, State of California.

5.    Plaintiff is informed and believes, and thereon alleges that Defendant ASCA DESIGN, INC., is a Pennsylvania Corporation doing business in the County of San Bernardino, State of California.

6.    Plaintiff is informed and believes, and thereon alleges that Defendant AMERICAN MADE SYSTEMS, INC, is a Pennsylvania Corporation doing business in the County of San Bernardino, State of California.

7.    Plaintiff is informed and believes, and thereon alleges that Defendant AMERICAN MADE LINER SYSTEMS is an unknown entity doing business in the County of San Bernardino, State of California.

8.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 10 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

9.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each

acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

10.    Plaintiff further alleges that, the defendants complained of herein operated as a joint employer and/or integrated enterprise with another defendant or other defendants, each such defendant is jointly and severally liable as an employer. In the event that any defendant was acting as the alter ego of another defendant or other defendants such that there is and/or was such a unity and identity of interest between or among each and all said defendants that adherence to the legal fiction of separate existence would, under the particular circumstances that exist and/or existed, would sanction fraud or promote injustice, it would be an inequitable result to fail to disregard any such separateness of legal personality.

11. Plaintiff is informed and believes, and thereon alleges, that Defendants DOES 1 through 10 are the partners, owners, shareholders, or managers of Defendants, and were acting on behalf of Defendants in the payment of wages to Plaintiff.

12. At all relevant times alleged herein Plaintiff was employed by Defendants in the County of San Bernardino, State of California.

### III.    FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

13. Defendants hired plaintiff as a welder on or about May 20, 2016. Plaintiff worked for Defendants as a welder until Defendant's terminated Plaintiff's employment on or about January 16, 2017.

14. Throughout Plaintiff's employment with Defendants, Nathan Seaman was Plaintiff's direct supervisor.

15. On more than one occasion during his employment, Plaintiff complained about safety problems with the tools and equipment, including but not limited to that there were no safety guards on the grinders or table saw which made them dangerous to use.

16. Late in 2016, Plaintiff complained to his supervisor, Mr. Seaman, again of safety problems including but not limited to improperly labelled acetone that an employee drank

mistaking it for water.

17. On or around January 12, 2017, Plaintiff was attempting to fix a wire in a welding machine when the wire broke, causing Plaintiff's arm to hit a table hard, injuring his hand and wrist. Later that same day, Mr. Seaman called Plaintiff into his office and wrote Plaintiff up for damaging company machinery.

18. The next morning, on or about January 13, 2017, Plaintiff informed his supervisor that he needed to see the company doctor because of the injury to his wrist the day before.

19. On or about January 13, 2017, Plaintiff visited the company doctor. Plaintiff was prescribed medicine and a wrist brace for his injury. Plaintiff also understood that he was to take off work until January 17, 2017 because of the injury and he informed his employer of this.

20. On or around January 16, 2017, Plaintiff received an email from Mr. Seaman with an attached letter dated January 13, 2017. The attached letter stated that Plaintiff's employment with Defendants was terminated.

21. Plaintiff filed an administrative complaint with the Department of Fair Employment and Housing ("DFEH"). On December 19, 2017, the DFEH issued Plaintiff a right to sue letter, attached here as Exhibit A.

### FIRST CAUSE OF ACTION

### (Disability Discrimination – Violation of Cal. Gov't Code §12940(a)

### (Plaintiff against All Defendants)

22. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 18, inclusive, as though fully set forth herein.

23. The Fair Employment and Housing Act ("FEHA") codified in Government Code §12900 et seq. makes it unlawful for an employer to discriminate against an employee on the basis of the employee's disability and/or perceived disability.

24. As a result of his disabilities and injuries, Plaintiff is a disabled individual under the FEHA in that major life activities, like working, are limited. Defendants knew that Plaintiff had these disabilities because Plaintiff was injured on the job and he requested accommodations for his disability.

25.  Defendants engaged in unlawful employment practices in violation of the FEHA by, among other things, failing to accommodate Plaintiff on the basis of his disability and/or perceived disability, and terminating Plaintiff.

26.  Plaintiff is informed and believes and based thereon alleges that his disability was a motivating factor in Defendants' decision to terminate Plaintiff, and other discrimination against him, in violation of Government Code §12940(a).

27.  As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

28.  As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

29.  The actions of Defendants in terminating Plaintiff because of his disability and/or perceived disability were carried out with malice, willfulness and/or reckless indifference to the rights of Plaintiff, with full knowledge of their unlawfulness, and with the intent to deprive Plaintiff of the rights guaranteed to her under the law. Plaintiff is entitled to punitive damages for the purpose of deterring such unlawful, malicious, oppressive and/or reckless conduct.

30.  Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### (Failure to Engage in the Interactive Process – Cal. Gov't Code §12940(n)

### (Plaintiff against All Defendants)

31.  Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 18, inclusive, as though fully set forth herein.

32.  Government Code §12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

33.  Defendants failed to engage in the good faith interactive process with Plaintiff in

order to accommodate Plaintiff's physical disability and/ or perceived disability.

34. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

35. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

36. The actions of Defendants in terminating Plaintiff because of his disability were carried out with malice, willfulness and/or reckless indifference to the rights of Plaintiff, with full knowledge of their unlawfulness, and with the intent to deprive Plaintiff of the rights guaranteed to her under the law. Plaintiff is entitled to punitive damages for the purpose of deterring such unlawful, malicious, oppressive and/or reckless conduct.

37. Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

### THIRD CAUSE OF ACTION

### (Failure to Accommodate - Violation of Cal. Gov't Code §12940(m))

### (Plaintiff against All Defendants)

38. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 18, inclusive, as though fully set forth herein.

39. Government Code §12940(m)(1) provides that it is unlawful for an employer to fail to make a reasonable accommodation for the known physical and/or perceived disability of an employee.

40. Defendants failed to make a reasonable accommodation for Plaintiff's known disability and/or perceived disability of an employee.

41. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

42. As a proximate result of the wrongful conduct of Defendants, and each of them,

1 | Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to his
2 | damage in an amount according to proof at the time of trial.

3 |     43.  The actions of Defendants in terminating Plaintiff because of his disability were
4 | carried out with malice, willfulness and/or reckless indifference to the rights of Plaintiff, with full
5 | knowledge of their unlawfulness, and with the intent to deprive Plaintiff of the rights guaranteed
6 | to her under the law. Plaintiff has suffered in excess of eighty thousand dollars in damages and is
7 | entitled to punitive damages for the purpose of deterring such unlawful, malicious, oppressive
8 | and/or reckless conduct.

9 |     44.  Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in
10 | an amount according to proof at the time of trial.

11 | **FOURTH CAUSE OF ACTION**

12 | **(Retaliation – Violation of Cal. Gov't Code §12940(m)(2))**

13 | **(Plaintiff against All Defendants)**

14 |     45.  Plaintiff restates and incorporates by reference each and every allegation contained in
15 | paragraphs 1 through 18, inclusive, as though fully set forth herein.

16 |     46.  During his employment, Plaintiff engaged in the protected activities of, but not
17 | limited to, requesting a reasonable accommodation for his disability.

18 |     47.  Rather than accommodating Plaintiff's disability, Defendants retaliated against
19 | Plaintiff by refusing to provide him a reasonable accommodation and terminating him.

20 |     48.  As a proximate result of the wrongful conduct of Defendants, and each of them,
21 | Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment
22 | benefits in an amount according to proof at the time of trial.

23 |     49.  As a proximate result of the wrongful conduct of Defendants, and each of them,
24 | Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to his
25 | damage in an amount according to proof at the time of trial.

26 |     50.  The actions of Defendants in terminating Plaintiff because of his disability were
27 | carried out with malice, willfulness and/or reckless indifference to the rights of Plaintiff, with full
28 | knowledge of their unlawfulness, and with the intent to deprive Plaintiff of the rights guaranteed

1  to his under the law. Plaintiff is entitled to punitive damages for the purpose of deterring such

2  unlawful, malicious, oppressive and/or reckless conduct.

3      51.  Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in

4  an amount according to proof at the time of trial.

5                          **FIFTH CAUSE OF ACTION**

6  **(Failure to Prevent Discrimination and Retaliation - Violation of Cal. Gov't Code §12940(k)**

7                          **(Plaintiff against All Defendants)**

8      52.  Plaintiff restates and incorporates by reference each and every allegation contained in

9  paragraphs 1 through 18, inclusive, as though fully set forth herein.

10     53.  To Plaintiff's knowledge, no meaningful or adequate disciplinary action has been

11  taken against any employees or Defendants' agents who discriminated or retaliated against

12  Plaintiff.

13     54.  In violation of Government Code §12940(k), Defendants and each of them, and/or

14  their agents and/or employees, failed to take all reasonable steps necessary to prevent and

15  investigate unlawful discrimination or retaliation from occurring, and to remedy such

16  discrimination or retaliation.

17     55.  As a proximate result of Defendants' wrongful conduct, and each of them, Plaintiff

18  has suffered and continues to sustain substantial losses in earnings and other employment benefits

19  in an amount according to proof at the time of trial.

20     56.  As a proximate result of the wrongful conduct of Defendants, and each of them,

21  Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to his

22  damage in an amount according to proof at the time of trial.

23     57.  The actions of Defendants in terminating Plaintiff because of his disability were

24  carried out with malice, willfulness and/or reckless indifference to the rights of Plaintiff, with full

25  knowledge of their unlawfulness, and with the intent to deprive Plaintiff of the rights guaranteed

26  to him under the law.  Plaintiff is entitled to punitive damages for the purpose of deterring such

27  unlawful, malicious, oppressive and/or reckless conduct.

28     58.  Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in

an amount according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

### (Unlawful Retaliation in Violation of Labor Code 6310)

### (Plaintiff against All Defendants)

59.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 18, inclusive, as though fully set forth herein.

60.    California Labor Code § 6310 prohibits employers from discharging, constructively discharging, retaliating, "or in any other manner" discriminating in the terms and conditions of employment against any employee for making any oral or written health and/or safety complaint, or complaint regarding working conditions to a governmental agency or their employer. Section 6310 also prohibits an employer from retaliating against employees whom they suspect will file a complaint related to workplace safety.

61.    During Plaintiff's employment, he complained to defendants about safety issues that he believed violated OSHA and/or other workplace regulations.

62.    Defendants violated Labor Code § 6310 when it retaliated and/or discriminated against Plaintiff through all of its actions as described herein including but not limited to terminating him.

63.    As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain, in an amount according to proof at the time of trial, substantial losses in earnings and other employment benefits.

64.    As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered, in an amount in excess of eighty thousand dollars in damages, humiliation, emotional distress, and mental pain and anguish.

65.    The actions of Defendants were carried out with malice, willfulness and/or reckless indifference to the rights of Plaintiff, with full knowledge of their unlawfulness, and with the intent to deprive Plaintiff of the rights guaranteed to him under the law. Plaintiff is entitled to punitive damages for the purpose of deterring such unlawful, malicious, oppressive and/or

reckless conduct.

66.   Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION

### (Unlawful Retaliation in Violation of Labor Code 1102.5)

### (Plaintiff against All Defendants)

67.   Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 18, inclusive, as though fully set forth herein.

68.   California Labor Code section 1102.5 (b) states that an employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

69.   Labor Code section 1102.5(c) prohibits an employer from retaliating against an employee "for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation

70.   During Plaintiff's employment, he engaged in protected conduct by complaining about safety violations.

71.   Defendants violated section 1102.5 when it retaliated and/or discriminated against Plaintiff through all of its actions as described herein, including but not limited to terminating him.

72.   As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain, in an amount according to proof at the time of trial, substantial losses in earnings and other employment benefits.

73.   As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered, according to proof at the time of trial, humiliation, emotional distress, and

1  mental pain and anguish.

2      74. The actions of Defendants in terminating Plaintiff because of his disability were carried

3  out with malice, willfulness and/or reckless indifference to the rights of Plaintiff, with full

4  knowledge of their unlawfulness, and with the intent to deprive Plaintiff of the rights guaranteed to

5  him under the law. Plaintiff is entitled to punitive damages for the purpose of deterring such

6  unlawful, malicious, oppressive and/or reckless conduct.

7      75. Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in

8  an amount according to proof at the time of trial

9              **EIGHTH CAUSE OF ACTION**

10          **(Wrongful Termination in Violation of Public Policy)**

11              **(Plaintiff against All Defendants)**

12      76. Plaintiff restates and incorporates by reference each and every allegation contained in

13  paragraphs 1 through 18, inclusive, as though fully set forth herein.

14      77. Plaintiff's employment was terminated as a result of Defendants' violation of

15  fundamental public policies.  It is against fundamental California public policy to discriminate or

16  retaliate against an employee on the basis of disability or perceived disability, and/or for

17  requesting accommodations. It is also against fundamental California public policy to retaliate

18  against an employee who engages in protected activity such as reporting safety violations.

19      78. As a proximate result of Defendants' wrongful conduct, and each of them, Plaintiff

20  has suffered and continues to sustain substantial losses in earnings and other employment benefits

21  in an amount according to proof at the time of trial.

22      79. As a proximate result of Defendants' wrongful conduct, and each of them, Plaintiff

23  has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an

24  amount according to proof at the time of trial.

25      80. The actions of Defendants, and its employees and/or agents, in terminating Plaintiff

26  were carried out with malice, willfulness and/or reckless indifference to the rights of Plaintiff,

27  with full knowledge of their unlawfulness, and with the intent to deprive Plaintiff of the rights

28

guaranteed to him under the law. Plaintiff is entitled to punitive damages for the purpose of deterring such unlawful, malicious, oppressive and/or reckless conduct.

81.  Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## NINTH CAUSE OF ACTION

**(Violation of Employment without Discrimination as Civil Right - Govt. Code §12921(a);**

**Request for Declaratory Judgment - Code of Civil Procedure §1060)**

**(Plaintiff against All Defendants)**

82.  Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 81, inclusive, as though fully set forth herein.

83.  Government Code § 12920 sets forth the public policy of the State of California in relevant part as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

> It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices. This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

84.  Government Code §12920.5 embodies the intent of the California legislature:

> In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

85.  Government Code §12921, subdivision (a) states in pertinent part:

> The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital

status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status is hereby recognized as and declared to be a civil right.

86. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties because Plaintiff contends that his termination is because of all the reasons stated within this Complaint. It is believed that Defendants will allege that Plaintiff's termination was based on a non-discriminatory, legitimate reason and not because of the reasons listed in this complaint. Plaintiff contends that the reason given by Defendants was a pretext to mask its true reason(s) for terminating him, which was *inter alia* stated in the facts section above.

87. Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of his rights and duties, and those of Defendants. Specifically, Plaintiff seeks a declaration that Defendants violated his rights when Defendants unlawfully terminated him. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for himself and on behalf of employees of the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices.

88. Plaintiff believes and thereon alleges that he is entitled to declaratory relief and an award of reasonable attorney's fees and costs under Section 12965(b). *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 241 (Cal. 2013). A judicial declaration is necessary and appropriate such that Defendants may also be aware of its obligations under the law to not engage in discriminatory practices and violate the law.

89. Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorneys' fees and costs. Such fees and costs expended by the aggrieved party may be awarded for the purpose redressing, preventing, or deterring discrimination. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff is entitled to declaratory relief, attorneys' fees and costs, including expert witness fees.

///

///

## III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment as follows:

1. For an award of damages in an amount according to proof with interest thereon;

2. For compensatory and general damages in an amount according to proof;

3. For past and future lost income and benefits;

4. For punitive damages;

5. For declaratory relief;

6. For injunctive relief under the Fair Employment and Housing Act;

7. For an award of reasonable attorneys' fees, costs and interest thereon pursuant to Code of Civil Procedure section 1021.5, Govt Code 12940 et seq, Labor Code sections 6310, 1102.5, and/or all other applicable law; and

8. For such other and further relief as this Court deems just and proper.

Dated: 1/9/18                    THE MYERS LAW GROUP, A.P.C.


By: _____
David P. Myers
Ann Hendrix
John M. Tomberlin, Jr.
Attorneys for Plaintiff GERARD TORRES

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

December 19, 2017

Ann Hendrix
9327 Fairway View Place Suite 101
Rancho Cucamonga, California 91730

RE:    **Notice to Complainant's Attorney**
       **DFEH Matter Number: 201712-00478619**
       **Right to Sue: Torres / ASCA, Inc. et al.**

Dear Ann Hendrix:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. **Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You must serve the complaint separately, to all named respondents.** Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.
DIRECTOR KEVIN KISH

December 19, 2017

RE:   **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 201712-00478619
Right to Sue: Torres / ASCA, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.
                                                                                                DIRECTOR KEVIN KISH
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1884 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

December 19, 2017

Gerard Torres
22690 Motnocab Rd.
Apple Valley, California 92308

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 201712-00478619
      Right to Sue: Torres / ASCA, Inc. et al.

Dear Gerard Torres,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective December 19, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

1
2
3

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

4
5  In the Matter of the Complaint of
   Gerard Torres                                    DFEH No. 201712-00478619
6  22690 Motnocab Rd.
   Apple Valley, California 92308
7
8  vs.

9  ASCA, Inc.
10 2600 Neville Road
   Pittsburgh, Pennsylvania 15225

11
12 American Made Systems, Inc. , As an individual,
   Co-Respondent
13
14 American Made Liner Systems , As an individual,
   Co-Respondent
15
16 ASCA Design, LLC , As an individual, Co-
17 Respondent

18 _____

19 1. Respondent ASCA, Inc.  is a Private Employer    subject to suit under the
   California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).
20
21 2. Complainant alleges that on or about **January 16, 2017**, respondent took the
   following adverse actions:
22 Complainant was harrassed because of complainant's Family Care or Medical
   Leave (CFRA), Disability (physical or mental)
23 Complainant was discriminated because of complainant's Family Care or Medical
   Leave (CFRA), Disability (physical or mental) and as a result of discrimination was
24 Terminated, Reprimanded, Denied a work environment free of discrimination and/or
   retaliation, Denied any employment benefit or privilege, Denied Family Care or
25 Medical Leave (CFRA)
26
                                          -1-
27                          *Complaint – DFEH No. 201712-00478619*

28 Date Filed: December 19, 2017

1   **Complainant experienced retaliation** because complainant Requested or used
California Family Rights Act or FMLA, Requested or used a disability-related
2   accommodation and as a result was Terminated, Reprimanded, Denied a work
environment free of discrimination and/or retaliation, Denied any employment benefit
3   or privilege, Denied reasonable accommodation for a disability, Denied Family Care
or Medical Leave (CFRA).
4

5   3. Complainant **Gerard Torres**, resides in the City of **Apple Valley** State of
**California**.
6

7   **Additional Complaint Details:** Respondents hired Claimant as a welder on or about
8   May 20, 2016. Claimant worked for Respondents as a welder until Respondents
terminated Claimant's employment on or about January 16, 2017. Throughout
9   Claimant's employment with Respondents, Mr. Nathan Seaman was Claimant's direct
supervisor. On more than one occasion throughout his employment, Claimant
10  complained about safety problems with the tools and equipment, including but not
limited to that there were no safety guards on the grinders or table saw which made
11  them dangerous to use. Late in 2016, Claimant complained to his supervisor, Mr.
12  Seaman, again of safety problems including but not limited to improperly labelled
acetone that an employee drank mistaking it for water. On or around January 12, 2017,
13  Claimant was attempting to fix a wire in a welding machine when the wire broke,
causing Claimant's arm to hit a table hard, injuring his hand and wrist. Mr. Seaman told
14  Claimant to continue working. Later that same day, Mr. Seaman called Claimant into
15  his office and wrote Claimant up for damaging company machinery. The next morning,
on or about January 13, 2017, Claimant informed his supervisor that he needed to see
16  the company doctor because of the injury to his wrist the day before. On or about
January 13, 2017, Claimant visited the company doctor. Claimant was prescribed
17  medicine and a wrist brace for his injury. The doctor also recommend that Claimant
take off work until January 17, 2017 because of the injury. That same day, on or about
18  January 13, 2017, Claimant informed Respondents of the doctor's instructions to take
19  leave because of the injury. On or around January 16, 2017, Claimant received an
email from Mr. Seaman with an attached letter dated January 13, 2017. The attached
20  letter stated that Claimant's employment with Respondents was terminated.

21

22

23

24

25

26

27

-2-
*Complaint – DFEH No. 201712-00478619*

28

Date Filed: December 19, 2017

VERIFICATION

I, **Ann Hendrix**, am the **Attorney** in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.   The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On December 19, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Los Angeles, CA

-3-
*Complaint – DFEH No. 201712-00478619*

Date Filed: December 19, 2017